# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
TRACEY RILEY,

                      Plaintiff(s),

    -against-

JP MORGAN CHASE BANK, N.A. and JP MORGAN
CHASE & CO.,

                      Defendant(s).
------------------------------------X

Index No.: _____/1__
Filed:    _____/1__

Plaintiff designates

NEW YORK COUNTY

as the place of trial
The basis of the venue is

Residence of Plaintiff

**SUMMONS**

Plaintiff resides at
3250 Broadway
New York, NY
County of New York

To the above named Defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorney[s] within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in the case of your failure to Appear or Answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:  Queens, New York
         March 4, 2019

Defendant[s] address:

 

214 Broadway
New York, NY

AMI MORGENSTERN
ATTORNEY ATL LAW-PLLC
Attorney for Plaintiff[s]

_____
By:  ADAM S. ASHE, ESQ.
40-17 Broadway, 2nd Floor
P.O. Box 3223
L.I.C., NY 11103-0223
(718) 777-9595

Page **1** of **8**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
TRACEY RILEY,

                                Plaintiff(s),

            -against-

JP MORGAN CHASE BANK, N.A. and JP MORGAN
CHASE & CO.,

                                Defendant(s).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.: _____/1__

Filed: _____/1__

**VERIFIED COMPLAINT**

Plaintiff, by her attorney **AMI MORGENSTERN, ESQ.**, complaining of the Defendant, respectfully alleges as follows:

FIRST:        Upon information and belief, that at all the times hereinafter mentioned, the Defendant, *JP MORGAN CHASE BANK, N.A.*, was and still is a Financial Institution duly organized and existing by virtue of the laws, statutes and ordinances of the State of New York.

SECOND:        Upon information and belief, that at all the times hereinafter mentioned, on the 26th day of April, 2018 the Defendant, *JP MORGAN CHASE BANK, N.A.,* owned a certain premises which is located at 214 Broadway, New York, New York.

THIRD:        Upon information and belief, that at all the times hereinafter mentioned, on the 26th day of April, 2018 the Defendant, *JP MORGAN CHASE BANK, N.A.,* leased the aforementioned premises.

FOURTH:        Upon information and belief, that at all the times hereinafter mentioned, on the 26th day of April, 2018 the Defendant, *JP MORGAN CHASE BANK, N.A.,* was in possession of the aforementioned premises.

FIFTH: Upon information and belief, that at all the times hereinafter mentioned, on the 26th day of April, 2018 the Defendant, **JP MORGAN CHASE BANK, N.A.**, its agents, servants and/or employees operated the aforementioned premises.

SIXTH: Upon information and belief, that at all the times hereinafter mentioned, on the 26th day of April, 2018 the Defendant, **JP MORGAN CHASE BANK, N.A.**, its agents, servants and/or employees controlled the aforementioned premises.

SEVENTH: Upon information and belief, that at all the times hereinafter mentioned, on the 26th day of April, 2018 the Defendant, **JP MORGAN CHASE BANK, N.A.**, its agents, servants and/or employees maintained the aforementioned premises.

EIGHTH: Upon information and belief, that at all the times hereinafter mentioned, on the 26th day of April, 2018 the Defendant, **JP MORGAN CHASE BANK, N.A.**, its agents, servants and/or employees managed the aforementioned premises.

NINTH: That heretofore and prior to the 26th day of April, 2018 the Defendant, **JP MORGAN CHASE BANK, N.A.**, was obligated to maintain, repair and keep in good order the aforesaid premises.

TENTH: Upon information and belief, that at all the times hereinafter mentioned, the Defendant, **JP MORGAN CHASE & CO.**, was and still is a Financial Institution duly organized and existing by virtue of the laws, statutes and ordinances of the State of New York.

ELEVEN: Upon information and belief, that at all the times hereinafter mentioned, on the 26th day of April, 2018 the Defendant, **JP MORGAN CHASE & CO.**, owned the aforementioned premises.

TWELVE: Upon information and belief, that at all the times hereinafter mentioned, on the 26th day of April, 2018 the Defendant, **JP MORGAN CHASE & CO.,** leased the aforementioned premises.

THIRTEEN: Upon information and belief, that at all the times hereinafter mentioned, on the 26th day of April, 2018 the Defendant, **JPMORGAN CHASE & CO.,** was in possession of the aforementioned premises.

FOURTEEN: Upon information and belief, that at all the times hereinafter mentioned, on the 26th day of April, 2018 the Defendant, **JP MORGAN CHASE & CO.,** its agents, servants and/or employees operated the aforementioned premises.

FIFTEEN: Upon information and belief, that at all the times hereinafter mentioned, on the 26th day of April, 2018 the Defendant, **JP MORGAN CHASE & CO.,** its agents, servants and/or employees controlled the aforementioned premises.

SIXTEEN: Upon information and belief, that at all the times hereinafter mentioned, on the 26th day of April, 2018 the Defendant, **JP MORGAN CHASE & CO.,** its agents, servants and/or employees maintained the aforementioned premises.

SEVENTEEN: Upon information and belief, that at all the times hereinafter mentioned, on the 26th day of April, 2018 the Defendant, **JP MORGAN CHASE & CO.,** its agents, servants and/or employees managed the aforementioned premises.

EIGHTEEN: That heretofore and prior to the 26th day of April, 2018 the Defendant, **JP MORGAN CHASE & CO.,** was obligated to maintain, repair and keep in good order the aforesaid premises.

NINETEEN: That on the 26th day of April, 2018 while the Plaintiff was lawfully and prudently upon the aforesaid premises and while in due care and caution for her own safety, she was caused to

be precipitated to the ground and to sustain severe and serious personal injuries as the result of the defective conditions of the floor within the premises, all due solely and wholly to the negligence of the Defendants, their agents, servants and/or employees as hereinafter alleged.

TWENTY: That the said accident and injuries resulting therefrom were caused solely through and by reason of the negligence of the Defendants herein, their agents, servants and/or employees.

TWENTY ONE: That the Defendants, their agents, servants and/or employees either individually and/or severally were negligent in causing, permitting and allowing a dangerous and trap like condition to exist on the floor; in failing to provide a proper and safe place for invitees; in causing, permitting and allowing the floor to become unsafe for passage; in causing, permitting and/or allowing the floor to become and remain in a dangerous condition; in failing to correct same; in failing to correct or remove said dangerous and unsafe conditions, although they already knew of its existence, or should have known of its existence in the exercise of reasonable care; in causing, permitting and allowing a raised carpet to exist upon the floor; in failing to place warning signs and/or barricades or any and all other devices in the said area to warn the Plaintiff, or to close off the said area in order to have avoided the occurrence herein; in failing to properly inspect the floor; in failing to hire persons of sufficient skill and training; in failing to properly train employees and in failing to exercise that duty of care required under the circumstances.

TWENTY TWO: That the aforesaid accident and resulting injuries were caused solely and wholly as a result of the negligence of the Defendants herein, their agents, servants and/or employees, without any negligence on the part of the Plaintiff contributing thereto.

TWENTY THREE: That this action falls within one or more of the exceptions set forth in CPLR 1602.

TWENTY FOUR:  That by reason of the aforesaid, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower Courts that otherwise would have had jurisdiction in this matter.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount that exceeds the jurisdictional limits of all lower Courts of this State that otherwise would have had jurisdiction in this matter, together with the costs and disbursements of this action.

Dated: Queens, New York
       March 4, 2019

Yours, etc.,

AMI MORGENSTERN
ATTORNEY AT LAW-PLLC
Attorney for Plaintiff(s)

_____
By:  ADAM S. ASHE, ESQ.
Office & P.O. Address
40-17 Broadway, 2nd Floor
P.O. Box 3223
L.I.C., NY  11103-0223
Telephone (718) 777-9595

## AFFIRMATION AND VERIFICATION

I, the undersigned, an attorney admitted to practice in the Court of the State of New York, state that I am the attorney of record for the Plaintiff in this action, that I have read the foregoing Complaint and know the contents thereof, that the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it [them] to be true. The reason this verification is made by me and not by the Plaintiff is that Plaintiff resides in a County other than where your Affirmant maintains an office, to wit: New York.

The grounds of my belief as to all matters not stated upon my own knowledge are based on the information contained in the file maintained by my office.

_____
ADAM S. ASHE, ESQ.

Duly Affirmed this 8th

day of March, 2019

=== NOTICE OF ENTRY ===

_EASE take notice that the within is a (*certified*)
ue copy of a
ily entered in the office of the clerk of the within
imed court on

ated,

Yours, etc.

**AMI MORGENSTERN**
Attorney At Law-PLLC

:torney for

*Office and Post Office Address*
40-17 Broadway
P.O. Box 3223
LIC, NY 11103-0223

)

:torney(s) for

=== NOTICE OF SETTLEMENT ===

_EASE take notice that an order

which the within is a true copy will be presented
r settlement to the Hon.

le of the judges of the within named Court, at

t
        M.
ated,

Yours, etc.

**AMI MORGENSTERN**
Attorney At Law-PLLC

:torney for

*Office and Post Office Address*
40-17 Broadway
P.O. Box 3223
LIC, NY 11103-0223

)

:torney(s) for

Index No.                Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

TRACEY RILEY

                            Plaintiff
                  -against-
JPMORGAN CHASE BANK, N.A., and JP
MORGAN CHASE & CO.,

                            Defendants

**SUMMONS AND VERIFIED COMPLAINT**

Signature (Rule 130-1.1-a)

Print name beneath            ADAM S. ASHE, ESQ.,

**AMI MORGENSTERN**
Attorney At Law-PLLC

*Attorney for*
*Office and Post Office Address, Telephone*
40-17 Broadway
P.O. Box 3223
LIC, NY 11103-0223
Tel: 718-777-9595
Fax: 718-777-2160

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated,

................................................

Attorney(s) for

8 of 8